[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14537
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00590-CG-M


GARRY C. KRAFT,

Plaintiff-Appellant,

versus

CITY OF MOBILE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 3, 2014)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Garry Kraft appeals the district court's grant of summary judgment to the City of Mobile (the City) in his 42 U.S.C. § 1983 civil rights suit, which alleged that the City violated his procedural due process rights by demolishing his home without providing adequate notice or a hearing.  Kraft, proceeding pro se, raises four arguments on appeal.  He argues that: the City provided constitutionally insufficient process related to the demolition of his home; the City failed to prove that the property was a nuisance; the City did not have the authority to demolish his property;[1] and the district court made improper credibility determinations. After careful review, we affirm.

We review de novo the district court's grant or denial of summary judgment. Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  In doing so, we draw all inferences and review all of the evidence in the light most favorable to the non-moving party.  Id.

The City substantially complied with its obligations to provide notice to Kraft.  Kraft was having mail sent to his house at 3507 Keeling Road forwarded to his sister, Sandra Armitage.  After initially trying to reach Kraft at 3507 Keeling

---

[1] Kraft repeatedly refers to the City's lack of subject matter authority/jurisdiction, which we construe to be an argument for a lack of authority to demolish his property.  See Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

2

Road through the mail, the City then sent notice through the mail to Kraft at the forwarding address he provided. Armitage submitted an affidavit in this case stating that she received a notice about the demolition of the property. The district court determined that Armitage's signature was on the return receipt of a mailed notice with information explaining the City had declared the property at 3507 Keeling Road a public nuisance and that either Kraft had to repair or demolish it or the City would. The City took other action intended to reach Kraft as well, including posting notices on the property, filing two lis pendens, publishing notices in local papers, and holding a public hearing where 3507 Keeling Road was declared a public nuisance. All of this activity took place over the span of around two-and-a-half years. Although the City did not know it, Kraft was in state prison during the time the City tried to reach him about his property.

The district court correctly granted summary judgment to the City because Kraft failed to create a genuine issue of material fact about whether the City provided constitutionally inadequate process. A claim involving the denial of procedural due process requires the plaintiff to prove the following elements: (1) deprivation of a constitutionally protected interest; (2) state action; and (3) constitutionally inadequate process. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). The Due Process Clause requires the government to provide the owner with notice and an opportunity to be heard appropriate to the nature of the

case.  Jones v. Flowers, 547 U.S. 220, 223, 126 S. Ct. 1708, 1712 (2006).  Due process does not require actual notice, but rather "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Id. at 226, 126 S. Ct. at 1713–14 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950)).  The City's notice to Kraft was adequate, as it was mailed to the forwarding address Kraft provided and thus "reasonably calculated, under all the circumstances, to apprise [Kraft] of the pendency of the action and afford [him] an opportunity to present [his] objections."  See Jones, 547 U.S. at 226, 126 S. Ct. at 1708.

Kraft's argument that his property was not a nuisance is unavailing, because for a claim of a violation of procedural due process under § 1983, the City was not required to prove that the property was a nuisance.  See Grayden, 345 F.3d at 1232.  Rather, it must demonstrate that it complied with its notice regulations.  The City's notice abatement procedure allows it to repair or demolish unsafe buildings after meeting certain notice requirements.  Mobile City Code § 11-81.  The City's notice must state that repair or demolition is required within 45 days, and if the owner does not comply, the City shall repair or demolish the structure and the costs shall be assessed against the property.  Id.  The City satisfied its burden, and thus Kraft's argument on this point fails to persuade.

4

Kraft's two remaining arguments are without merit.  First, the City had the authority to demolish Kraft's property based on its compliance with its nuisance abatement ordinance and its police power.  See Mobile City Code § 11-81, 83; see also Traylor v. City of Amarillo, 492 F.2d 1156, 1159 (5th Cir. 1974)[2] ("The district court in the case sub judice concluded that the challenged ordinances are a legitimate and compelling exercise of the city's police power, and we see no reason to question that conclusion.").  Second, nothing in the record indicates that the district court made credibility determinations in granting summary judgment in favor of the City.  Instead, the district court determined that the record evidence demonstrated that Kraft did not suffer harm to his property without due notice and an opportunity to be heard.

For these reasons, the district court's grant of summary judgment is **AFFIRMED**.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.  Id. at 1209.